IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**United States of America,**

    **Plaintiff,**

**v.**                                                  No. 9-2566

**Twenty-Eight Thousand Seventy Hundred Twenty-Nine Dollars, One Cent ($28,729.01) in United States Funds from Regions Bank Account #60040815 in the names of Tina M. Caronna and Joseph G. Caronna,**

**One Thousand Three Hundred Seven Dollars, ($1,307.00) in United States Funds from Regions Bank Account #20061846 in the names of Tina M. Caronna and Joseph G. Caronna,**

**Three Hundred Twenty-Two Dollars, Thirty-Six Cents ($322.36) in United States Funds from Regions Bank Account #3500943452 in the names of Tina M. Caronna and Joseph G. Caronna,**

**One Hundred Sixty Dollars ($160.00) in United States Currency, Seven (7) Assorted Conveyances,**

    **Defendants.**

---

Order

---

On March 15, 2010, the Court stayed the proceedings in this case under 18 U.S.C. § 981(g) to allow the Government to investigate and prosecute a related criminal case without interference (the "Stay"). (Order Granting Stay, ECF No. 44.) On April 4, 2013, the Estate of Tina Caronna and Tina Caronna's only child, Todd Gray Individually ("Movants"), filed a Motion to Reopen the Case (the "Motion"). (Mot., ECF No. 49.) The United States of America (the "Government") responded on April 11, 2013, opposing the Motion. (Resp., ECF No. 51.) For the following reasons, the Motion is GRANTED.

The related criminal case that prompted the Stay was the investigation of Joseph Caronna ("Caronna"). (Stay, ECF No. 44 at 1.) In November of 2012, Caronna was convicted in the Shelby County Criminal Court of the murder of Tina Caronna. (Motion, ECF 49 at 2.) On February 26, 2013, Caronna pled guilty to mail fraud, insurance fraud, and money laundering. (Id.) The Movants assert that the conviction and plea ended the related criminal investigation and prosecution that provided the statutory basis for the Stay. (Mot., ECF No. 49.)

The Government opposes lifting the Stay on the ground that reopening the case would adversely affect the ability of the Government to conduct criminal forfeiture proceedings, as provided under Federal Rule of Criminal Procedure 32.2. (Resp., ECF No. 51 at 2.) The Government argues that allowing civil

2

forfeiture proceedings "would interfere with ongoing proceedings in the criminal case by forcing duplicative discovery, motions, and hearings on the merits."  (Id.)

Under U.S.C. § 981(g)(1), "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  U.S.C. § 981(g)(1).  The statute defines "related criminal case" and "related criminal investigation" to mean "an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made."  U.S.C. § 981(g)(4).

The investigation and prosecution of Caronna has concluded. The forfeiture proceedings under Rule 32.2 do not qualify as a "related criminal case" or a "related criminal investigation" under the statute.  See U.S.C. § 981(g)(1).  The Government has cited no other basis for keeping the Stay in place.

For the foregoing reasons, the Motion to Reopen the Case is GRANTED.

So ordered this 4th day of November, 2013.

                                              s/ Sammuel H. Mays, Jr.
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE